UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

O'NEAL STEEL, LLC,        }
                          }
    Plaintiff,            }
                          }
v.                        }   Case No.: 2:19-cv-01781-MHH
                          }
BLOCK AND COMPANY INC.    }
d/b/a BLOCK MIDLAND GROUP,}
                          }
    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff O'Neal Steel, LLC has asked the Court to enter default judgment against defendant Block and Company Inc. d/b/a Block Midland Group because Block Midland has not responded to O'Neal Steel's complaint.  (Doc. 6).  O'Neal Steel filed this action on October 31, 2019.  (Doc. 1).  O'Neal Steel seeks a judgment against Block Midland for $82,272.64, the value of goods O'Neal Steel sold and delivered to Block Midland.  (Doc. 1, p. 2).  The record indicates that on November 12, 2019, Block Midland was served by certified mail with a summons and a copy of O'Neal Steel's complaint.  (Doc. 5, p. 2).[1]  As of this date, Block Midland has not responded to the complaint.

---

[1] The summons and complaint were served on K. Marck of Block Midland at 111 South Wheeling Road, Wheeling, IL 60090.  (Doc. 5).

After more than 21 days had elapsed without a response from Block Midland, on January 14, 2020, O'Neal Steel moved for entry of default. (Doc. 6).[2] The Clerk made an entry of default against Block Midland on January 14, 2020. (Doc. 7). In support of its motion for default judgment, O'Neal Steel filed the affidavit of Maria Sullivan, O'Neal Steel's Regional Credit Manager. Ms. Sullivan provided a damages calculation through January 2, 2020, and she attached to her affidavit a copy of the invoice to Block Midland and the terms and conditions for the sale of products from O'Neal Steel to Block Midland. (Doc.6-3).

For the reasons explained below, the Court grants O'Neal Steel's motion and enters default judgment against Block Midland.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, as in this case, the clerk of court may enter a clerk's default. FED.

---

[2] O'Neal Steel combined its motion for entry of default and its motion for default judgment in a single submission entitled "Motion for Entry of Default and Default Judgment." (Doc. 6). The better practice is to file a motion for default first and a motion for default judgment after the Clerk of Court enters a default against a defendant. *See generally Gooden v. Internal Revenue Service*, 679 Fed. Appx. 958, 969 (11th Cir. 2017) (entry of default judgment not warranted "because the Clerk had not yet entered the prerequisite default); *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.").

R. CIV. P. 55(a).  Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, a court may enter a default judgment against the defendant because of the defendant's failure to appear or defend.  FED. R. CIV. P. 55(b)(2).  "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right."  *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted).  After a clerk enters a default pursuant to Rule 55(a), a court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  A court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought.  *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  In addition to the pleadings, a court may consider evidence presented in the form of an affidavit or declaration.  *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).  A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II. FACTUAL ALLEGATIONS

Between April 30, 2019 and July 8, 2019, O'Neal Steel sold and delivered $82,272.64 worth of steel and other products to Block Midland. (Doc. 1, p. 2; Doc. 6-3, p. 2). The sales were made according to O'Neal Steel's terms and conditions. (Doc. 1, p. 2). Pursuant to O'Neal Steel's terms and conditions, payment for sales made on credit were due in full 30 days after the date of sale. (Doc. 1, p. 2; Doc. 6-3, p. 2). Should the buyer fail to pay in that time, O'Neal Steel could charge interest on the past due amount at the rate of 18% per annum. (Doc. 1, p. 2; Doc. 6-3, p. 2). The terms and conditions also obligated the buyer to pay O'Neal Steel's cost of collection, including reasonable attorney's fees and costs. (Doc. 1, p. 2; Doc. 6-3, p. 2). Block Midland did not pay O'Neal Steel within 30 days after the sales. (Doc. 1, p. 2).

### III. DISCUSSION

#### a. Subject Matter Jurisdiction

Before the Court enters a default judgment, the Court first must ensure that it has subject matter jurisdiction over the case. *Smarter Every Day, LLC v. Nunez*, No. 2:15-cv-01358-RDP, 2017 WL 1247500, at *2 (N.D. Ala. Apr. 5, 2017) (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)). O'Neal Steel contends that the Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332. (Doc. 1, p. 1).

In its complaint, O'Neal Steel alleges that Block Midland is liable for the principal sum of at least $82,272.64. (Doc. 1, p. 2). Based on this factual allegation, consistent with § 1332(a), the Court is satisfied that more than $75,000 is in controversy. As to § 1332(a)(1)'s requirement of complete diversity between the parties, O'Neal Steel alleges that it is a limited liability corporation organized under the laws of the state of Alabama. O'Neal Steel asserts that the sole member of the limited liability corporation is a corporation organized under the laws of Delaware, with its principal place of business in Alabama. (Doc. 1, p. 1). O'Neal Steel asserts that Block Midland is a corporation organized under the laws of the state of Illinois with its principal place of business is Illinois. (Doc. 1, p. 1). Therefore, O'Neal Steel has properly alleged that it and Block Midland are citizens of different states.

Accordingly, the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

b. **Personal Jurisdiction**

To enter a valid default judgment, a district court also must determine that it has personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). When the defendant is not a resident of the forum state, the plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp.*

*v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).  The court must accept the facts alleged in the complaint and resolve any conflicts in favor of establishing personal jurisdiction.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

An analysis of personal jurisdiction typically involves a two-step inquiry, but a defendant may waive any objection to personal jurisdiction by "agree[ing] in advance to submit to the jurisdiction of a given court."  *Alexander Proudfoot Co. World Headquarters L.P., v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989).  Where a non-resident defendant has agreed to submit to a particular court's jurisdiction, "the usual due process analysis need not be done."  *Alexander Proudfoot Co.*, 877 F.2d at 921.[3]

O'Neal Steel asserts that the sale of goods to Block Midland was made subject to O'Neal Steel's terms and conditions, which include a consent-to-jurisdiction provision.  (Doc. 1, p. 2).  The terms and conditions permit O'Neal Steel, as the seller, to choose the venue of any litigation from five options, including "the county and state of the principal location of Seller."  (Doc. 6-3, p. 17).  The buyer "agrees

---

[3] The Court is not convinced that were it to engage in the due process analysis, it would find that O'Neal Steel has made a prima facie case of personal jurisdiction.  Block Midland is an out-of-state purchaser, whose only alleged contacts with the forum state are the goods it purchased.  *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1059 (11th Cir. 1986) (voiding a default judgment for lack of jurisdiction over an out-of-state purchaser of goods). O'Neal Steel has not asserted a prior course of dealings between the parties or the existence of a continuing relationship, and there is no assertion of relevant conduct in Alabama.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985).

that it will submit to the personal jurisdiction of the court wherein venue is chosen." (Doc. 6-3, p. 17).

The Court accepts these assertions as true. *Madara*, 916 F.2d at 1514. If Block Midland consented to the terms and conditions as part of the sale, then Block Midland consented to this Court's exercise of personal jurisdiction over the company. Based on the consent to jurisdiction provision, the Court finds it has personal jurisdiction over Block Midland.

### c. Liability for Breach of Contract

O'Neal Steel asserts that Block Midland has breached its contractual duties under the terms and conditions of sale. In a diversity case, a district court must "apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). "Alabama applies the traditional doctrines of *lex loci contractus* to contract claims. . . . Th[is] doctrine states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (internal quotations omitted). Here, the parties specified that their agreement would "be governed in all respects by the laws of the

State of Alabama . . . ." (Doc. 6-3, p. 21). Therefore, the Court evaluates O'Neal Steel's breach of contract claim under Alabama law.

Under Alabama law "the elements of a breach of contract are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's non-performance; (4) the resulting damages." *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999). A written agreement is not required when the goods have been accepted. *See Fendley v. Doiser Hardware Co., Inc.*, 449 So. 2d 1236, 1239 (Ala. 1984) ("Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists.") (quoting Ala. Code § 7-2-201 cmt. (1975)). O'Neal Steel supports its claims of breach of contract by attaching Block Midland's statement of account reflecting unpaid invoices and a copy of O'Neal Steel's terms and conditions. As of October 8, 2019, Block Midland had fifteen outstanding invoices for O'Neal Steel products resulting in an unpaid balance of $82,272.64. According to the terms and conditions, which "are incorporated by reference into all documents issued by Seller to Buyer in connection with the sale and/or provision of Goods and/or Services," "acceptance of Goods . . . shall be deemed an acknowledgment and acceptance by Buyer of these Terms and Conditions . . ." (Doc. 6-3, p. 8). Under the terms and conditions, payment was due in full 30 days after the date of sale. Block Midland's failure to pay by that date allows O'Neal Steel to charge interest

on the past-due balance at a rate of 18% per annum and obligates Block Midland to pay O'Neal Steel's cost of collection, including attorney's fees and costs. (Doc. 6-3, pp. 22, 17). O'Neal Steel alleges that Block Midland defaulted by failing to make payment within 30 days after the sale of goods. Thus, O'Neal Steel has established a binding contract, O'Neal Steel's performance, and Block Midland's non-performance.

As for damages, O'Neal Steel has established by affidavit that from April 30, 2019 through July 8, 2019, O'Neal Steel sold and delivered to Block Midland steel and related products for the agreed-upon price of $82,272.84. (Doc. 6-3, p. 2). O'Neal Steel also has established by affidavit that as of January 2, 2020, Block Midland owed O'Neal Steel a total of owed $6,004.36 in interest, resulting in a total balance of $88,277.00. (Doc. 6-3, p. 3).

O'Neal Steel also seeks reasonable attorneys' fees and costs. (Doc. 6-3, p. 2). Under the terms and conditions of the sale, O'Neal Steel is entitled to recover all costs and expenses incurred in collecting the indebtedness, including reasonable attorneys' fees. (Doc. 6-3, p. 2). To ensure that the Court can accurately assess the damages to which O'Neal Steel is now entitled, within 14 days, counsel for O'Neal Steel shall submit updated documentation on the principal and interest that O'Neal

Steel is owed along with documentation supporting the hours that counsel worked on this case.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court grants O'Neal Steel's motion for default judgment against Block Midland. (Doc. 6). The Court will determine the damages to be awarded after it reviews counsel's updated documentation on that issue, and the Court will enter judgment in favor of O'Neal Steel and against Block Midland for that amount.

**DONE** and **ORDERED** this June 19, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[4] When assessing damages, a court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be required to determine the amount of damages; however, if the record is sufficient, a court may be able to determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).